## S98Y0840. IN THE MATTER OF PATRICIA JO GARLAND.
### (497 SE2d 559)

PER CURIAM.

This disciplinary matter is before the court on the Petition for Voluntary Discipline of the respondent, Patricia Jo Garland. The State Bar recommends that the court accept Garland's Petition. No special master was appointed. Garland admits violating Standard 65 (A) (failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d) in connection with her representation of a client in the enforcement of a divorce decree. Garland obtained a judgment for the client and subsequently filed a lien against the property of the client's former husband. Due to a dispute over Garland's collection fee, the client discharged Garland. Five years later, some of the encumbered property was sold and the lien satisfied. Garland received the money in satisfaction of the lien, deposited it in her attorney trust account and sent a check to the client. The amount of the check was substantially less than the amount received by Garland and Garland submitted no accounting to the client for the balance of the funds.

Garland admits that she failed to account for the client's funds, which Garland held in a fiduciary capacity, in violation of Standard 65 (A) of Bar Rule 4-102 (d). In her petition, filed pursuant to Bar Rules 4-212 (d) and 4-227 (b), Garland requests this Court impose a six-month suspension from the practice of law from the date of this opinion as an appropriate sanction in this case. We note that, although a violation of Standard 65 (A) of Bar Rule 4-102 (d) may be punished by disbarment, this Court considers the facts that restitution, including interest and attorney fees, has been made to the client, Garland has cooperated fully with the disciplinary authorities, and Garland has no prior disciplinary record to be mitigating circumstances in this case.

We have reviewed the record and agree with the State Bar that a six-month suspension is an appropriate sanction in this case. Accordingly, Garland is hereby suspended for a period of six months from the date of this opinion.

Garland is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Six-month suspension. All the Justices concur.*

DECIDED APRIL 13, 1998.

*William P. Smith III,* General Counsel State Bar, *E. Duane Cooper,* Assistant General Counsel State Bar, for State Bar of Georgia.

*Warren R. Hinds,* for Garland.